U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 27 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SALETA GALLIEN, RUSSELL GRIFFIN, AND NOAH LAUGHLIN | : | DOCKET NO. 07-1912 |
| VS. | : | JUDGE TRIMBLE |
| JOHN GOTT, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Currently before the Court is "Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" (doc. #4) and a "Supplement to Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" (doc. #20) wherein the movers, Lake Ellis and ConocoPhillips Company, ("ConocoPhillips") seek to dismiss the claims asserted against them because (1) the abuse of right doctrine is not applicable, (2) the Plaintiffs have failed to plead intentional infliction of emotional distress, and/or (3) Plaintiffs' claims are prescribed. For the following reasons, the motions will be granted dismissing with prejudice all claims against Defendants.

### ALLEGATIONS

Plaintiffs make the following allegations in their Amended and Restated Petition. Defendant, Lake Eugene Ellis, Jr. was until September 1, 2007, the Human Resources Manager at the ConocoPhillips facility in Lake Charles, Louisiana. During his tenure at the plant, Mr. Ellis instituted an employment related practice in early 2005 in which employees (direct employees, statutory employees or prospective employees) were denied access to the ConocoPhillips facility if the individual had accepted settlement funds from certain litigation commonly known as Conoco

I[1] or Conoco II.[2]

Specifically, on June 30, 2006, Saleta Gallien was engaged in employment at the ConocoPhillips facility when she was escorted to the gate and advised that she was terminated because of her participation in Conoco II. In February 2006, Russell Griffin, who was scheduled for orientation as a foreman, was contacted the day before the orientation and told not to go on Conoco property because of legalities. On February 25, 2005, Noah Laughlin was working for a contractor at the ConocoPhillips facility and was terminated due to his participation in Conoco I. These Plaintiffs have admittedly each received settlement funds from one or the other aforementioned cases.

The Amended and Restated Petition alleges a class action for those similarly situated. Plaintiffs seek damages pursuant to Louisiana Civil Code article 2315 and allege they have suffered economic harm as a result of ConocoPhillips' employment practices. Plaintiffs also seek to enjoin ConocoPhillips from this type of employment practice. For purposes of this motion, the Court will assume that the Plaintiffs are all employees of ConocoPhillips even though Plaintiffs concede in their opposition brief that these individuals were contract employees of ConocoPhillips.[3]

## PROCEDURAL HISTORY

On February 12, 2008, pursuant to a voluntary motion to dismiss, defendant, John Gott was

---

[1] A civil action entitled *Lawrence Morrow, et al v. Conoco, Inc., et al,* Docket #2002-3860 (14th JDC) Calcasieu Parish.

[2] A civil action entitled *Juanita Thibodeaux v. Conoco, Inc., et al,* Docket #2003-481 (14th JDC) Calcasieu Parish.

[3] Plaintiffs' opposition brief, p. 2.

dismissed without prejudice.[4]  On February 13, 2008, the Court granted Plaintiffs' unopposed motion to amend the original petition. The amended and restated petition (1) named ConocoPhillips Company as a defendant, (2) removed all claims under Louisiana Revised Statute 23:967, and (3) added a claim under Louisiana's general tort law pursuant to Louisiana Civil Code article 2315. Thereafter, pursuant to a motion for leave to file, Defendants filed a supplemental motion to their motion to dismiss to address the new defendant and the additional claim.

## RULE 12 (B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[5] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[6] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[7] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[8]

---

[4] Doc. #15.

[5] *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[6] *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).

[7] *Oppenheimer v. Prudential Securities, Inc.* 94 F.3d 189, 194 (5th Cir. 1996).

[8] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[9] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[10] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[11]

## LAW AND ANALYSIS

*Abuse of right doctrine*

Plaintiffs' alleged tort claims rely on the "abuse of right" doctrine. "The Abuse of Rights doctrine is a civilian concept which is applied only in limited circumstances because its application renders unenforceable one's otherwise judicially protected rights."[12] In Louisiana, employment relationships are generally governed by the employment-at-will doctrine. Louisiana law defines the employment-at-will relationship as follows: "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."[13] A person employed for an indefinite period is an employee-at-will.[14] An at-will employee may quit at any time and may be terminated at any time provided the termination does not violate an express statutory or constitutional provision. The reasons for the

---

[9] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[10] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[11] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[12] *Truschinger v. Pak*, 513 So.2d 1151, 1154 (La.1987).

[13] La. Civ. Code art. 2747.

[14] *Bell v. Touro*, 785 So.2d 926, 928 (La.App. 4 Cir. 3/21/01).

termination need not be accurate, fair, or reasonable and the employer need not state any reason for terminating an employee.[15]

Plaintiffs' Amended and Restated Complaint does not allege that adverse employment actions were taken against any of them in violation of a specific statutory or constitutional provision. Plaintiffs rely solely on Louisiana Civil Code article 2315 and the abuse of right doctrine. The courts have consistently rejected article 2315 as a cause of action for alleged employment discrimination.[16] Courts have also consistently refused to apply the abuse of right doctrine to employment termination cases.[17] Plaintiffs have failed to cite to this Court any jurisprudence that has invoked the abuse of right doctrine in an employment termination situation. Defendants argue that the doctrine has never been successfully invoked in an employment termination situation because it is squarely at odds with Louisiana's strong employment-at-will public policy. We agree and find that the abuse of right doctrine is not applicable to an employer's alleged termination of employees for their participation in the class action suits against ConocoPhillips.

*Intentional infliction of emotional distress*

---

[15] *Id.*

[16] *Roper v. Exxon Corp.*, 27 F.Supp.2d 679, 684 (E.D. La. 1998), *aff'd*, 198 F.3d 242 (5th Cir. 1999)(at-will employee's allegedly discriminatory termination was not actionable under Louisiana statute governing liability for acts causing damages. La. R. S. Art 2315); see also *Caletka v. State Farm Mutual Automobile Ins. Co.*, 936 F.Supp.380, 382 (1996); *Grannan v. Wyeth Laboratories, Inc.*, 526 So.2d 1101, 1103-04 (La.1988).

[17] *Mixon v. Iberia Surgical, LLC*, 956 So.2d 76 (abuse of rights doctrine not applicable to medical group's termination of plaintiff based on animosity that arose between the plaintiff and other members of the group); *Ballaron v. Equitable Shipyards, Inc.*, 521 So.2d 481 (La.App. 4th Cir.)(refusing to apply doctrine to employer's termination of employees for exercising their right not to consent to a polygraph examination); *Walther v. National Tea Company*, 848 F.2d 518 (5th Cir. 1988) (refusing to apply doctrine in a situation in which an employer terminated plaintiff's employment without cause solely to prevent plaintiff's pension rights from vesting).

5

In their supplemental opposition memorandum, Plaintiffs allege that they are seeking damages for intentional infliction of emotional distress. As noted by Defendants, Plaintiffs did not plead in their Amended and Restated Complaint any allegations of intentional infliction of emotional distress. Accordingly, to the extent Plaintiffs are seeking to allege these types of damages through their supplemental opposition, the claim will be dismissed for failure to plead the claim.

*Prescription*

Defendants maintain that all of Plaintiffs' claims are prescribed. Plaintiffs have alleged tortious conduct. Delictual actions are subject to a liberative prescription of one year which runs from the day the injury or damage is sustained.[18] The Amended and Restated Complaint makes the following pertinent allegations: (1) plaintiff, Saleta Gallien was terminated on June 30, 2006, (2) in or about February 2006, plaintiff, Russell Griffin was contacted and told not to go on Conoco property because of legalities, and (3) on February 25, 2005, plaintiff, Noah Laughlin, who was working at the Conoco facility was terminated. Plaintiffs filed the original complaint on October 22, 2007.

Plaintiffs maintain that the tolling of prescription has been suspended because the alleged illegal practice continued until at least September 1, 2007. Plaintiffs argue that the Court should consider Defendants' conduct as a continuous tort. We disagree. Each of the Plaintiffs named herein were fully aware of the date they were allegedly terminated. Prescription begins to run on the date of the alleged adverse employment action.[19] Accordingly, all of Plaintiffs' claims of the

---

[18] La. Civ. Code art. 3492.

[19] *Arvie v. Century Telephone Enterprises, Inc.* 452 So.2d 392 (La.App. 3 Cir. 1984)(prescriptive period for action alleging retaliatory discharge commences on the date of discharge).

6

alleged adverse employment action are prescribed.

## CONCLUSION

For the reasons set forth above, the motions to dismiss for failure to state a claim filed by defendants will be granted dismissing with prejudice all of the claims of Plaintiffs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of March, 2008.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE